IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>                Plaintiff,<br>     v.<br><br>OFFICER C. ARANAS,<br><br>                Defendant. | 1: 06-CV-1574 AWI SMS<br><br>MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Document #17) |

**BACKGROUND**

On November 6, 2006, Plaintiff Phillip Sanders ("Plaintiff") filed a complaint. The complaint appears to allege violations of Plaintiff's Fourth Amendment rights. On June 19, 1007, Defendant Officer C. Aranas filed a motion to dismiss, or in the alternative, a motion for a more definite statement. Plaintiff did not oppose Defendant's motion.

**LEGAL STANDARD**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in

the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

Essentially, a motion to dismiss for failure to state a claim tests the plaintiff's compliance with the liberal requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294-96. Rule 8(a)(2) requires a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Rule 8(a)(2) requires sufficient allegations to put defendants fairly on notice of the claims against them. McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991); Lynn v. Sheet Metal Workers' Intern. Ass'n, 804 F.2d 1472, 1482 (9th Cir. 1986). "The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1976 (2007) (quoting Swierkiewicz). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**ALLEGED FACTS**

The complaint alleges that on or about June 6, 2006, Plaintiff noticed a police car pull up in front of his house and Defendant Officer C. Aranas ("Defendant") get out. Defendant went toward Plaintiff's neighbor's house, where Plaintiff lost view of him.

The complaint alleges that after about five minutes of waiting and looking to see where Defendant was, Plaintiff went out the back door. Defendant had entered the premises through a hole in the fence, had his gun drawn, and was looking in the side garage door that had been left open. The complaint alleges that Defendant had his back to Plaintiff. Plaintiff then walked to the middle of the backyard, put his hands out in plain view, and said in a loud voice, "officer,

don't shot [sic.]".

The complaint alleges that Defendant asked whether he was Phillip Sanders. When Plaintiff said yes, Defendant told Plaintiff to get on the ground. Defendant then handcuffed Plaintiff and searched him.

The complaint alleges that Plaintiff was taken to jail. The complaint alleges that Plaintiff was not released for three days "without ever going to the court or D.A. reject."

The complaint alleges Defendant searched and arrested Plaintiff without reasonable cause. Plaintiff was detained in jail for three days without reasonable cause.

The complaint alleges that Defendant was acting outside the policies of the Fresno Police Department.

## DISCUSSION

**A.  Basis For Action**

The complaint does not state the statutory basis of this action. Based on the complaint's references to the Fourth Amendment, it appears this action is being brought pursuant to 42 U.S.C. § 1983, which provides in part:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983 a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

Here, it is unclear if Plaintiff is pursuing this action pursuant to 42 U.S.C. § 1983 or some other statute. As such, the complaint is subject to dismissal because Defendant cannot reasonably respond to a complaint where he does not know the action's basis.

3

**B. Individual Capacity Versus Official Capacity**

The complaint does not state whether Plaintiff is suing Defendant in his individual capacity or official capacity. To establish a defendant's personal liability in an action brought under 42 U.S.C. § 1983, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. Kentucky v. Graham, 473 U.S. 159, 166 (1985)

Civil rights actions are generally brought against individuals in their official and/or individual capacity. Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Graham, 473 U.S. at 165. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." Id. at 165-66; Kreines v. United States, 33 F.3d 1105, 1107 (9th Cir. 1994). An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity because the entity is the real party in interest. Graham, 473 U.S. at 165-55; Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 524 n.3 (9th Cir. 1999); Lewis v. Sacramento County, 98 F.3d 434, 446 (9th Cir. 1996).

The complaint fails to state whether Plaintiff is suing Defendant in his individual or official capacity. When a Section 1983 complaint is ambiguous as to the capacity in which a state official is being sued, as is the case here, the court presumes that he is being sued in his personal capacity. Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994). However, because the complaint is subject to dismissal for other reasons, Plaintiff is advised that in any amended complaint Plaintiff should clarify whether Defendant is being sued in his individual or official capacity.

**C. Fourth Amendment**

The complaint alleges that Defendant violated Plaintiff's Fourth Amendment rights. The Fourth Amendment protects the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. U.S. Const. amend IV. Defendant moves to dismiss the complaint because the complaint's allegations are vague. Defendant

argues that the complaint's references to "reasonable cause", the lack of specificity on the impermissible search, and inconsistent assertions regarding damages cause Defendant to be unable to frame an adequate responsive pleading.   The court agrees.

### 1.  Arrest / Seizure

The complaint is unclear on how Plaintiff believes Defendant violated his Fourth Amendment right against unlawful arrest and seizure.   The complaint alleges that Plaintiff was arrested.   An arrest is lawful without a warrant if it is supported by probable cause.  United States v. Hoyos, 892 F.2d 1387, 1393 (9th Cir. 1989). It is well established that under the Fourth Amendment, to arrest a suspect on probable cause, the facts and circumstances within the officer's knowledge must be "sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense."   Michigan v. DeFillippo, 443 U.S. 31, 37 (1979); Moreno v. Baca, 431 F.3d 633, 639 (9th Cir. 2005).   The complaint fails to allege that Defendant did not have probable cause.  Rather, the complaint alleges Defendant had no "reasonable cause" for his actions.   Because the complaint does not allege Defendant lacked probable cause to arrest him, it does not state a claim for a violation of the Fourth Amendment.

The court does note that, in some circumstances, probable cause is not needed for an officer to seize an individual.   A warrantless stop or detention, short of a full custodial arrest, is permitted upon a showing that "the officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons which whom he is dealing may be armed and presently dangerous."   Terry v. Ohio, 392 U.S. 1, 30 (1968).      From the complaint it is impossible to determine if Plaintiff is alleging that Defendant did not have reasonable suspicion for a seizure pursuant to Terry.

The fact Plaintiff may be on parole would change the cause needed to arrest him.   Under California and Federal law, probable cause is not required to arrest a parolee for a violation of parole, nor is a parole officer required to personally effect the arrest of a parolee. United States v.

Butcher, 926 F.2d 811, 814 (9th Cir.1991).   If an officer reasonably believes a parolee is in violation of his parole, the officer may arrest the parolee.  United States v. Rabb,  752 F.2d 1320, 1324 (9th Cir. 1984).    Without knowing whether Plaintiff was on parole, it is impossible to determine if the complaint states a Fourth Amendment violation given the complaint's references to "reasonable cause".

**2. Search**

The complaint is also unclear on how Plaintiff believes Defendant's search violated his Fourth Amendment rights.   First, it is unclear if Plaintiff is contesting Defendant's search of his garage or his person or both.   Second, Plaintiff's use of the term "reasonable cause" makes it difficult to respond to this claim.

A full search of a person is per se reasonable if it is incident to a lawful arrest.  United States v. Robinson, 414 U.S. 218, 235 (1973).   In addition, a search for weapons is permissible "for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual."  Terry, 392 U.S. at 27; United States v. Flatter, 456 F.3d 1154, 1157 (9th Cir. 2006).   The complaint is unclear on whether Plaintiff is challenging Defendant's search after the arrest.

The Fourth Amendment ordinarily prohibits the warrantless entry into a person's house. Payton v. New York, 445 U.S. 573, 586 (1980); Coolidge v. New Hampshire, 403 U.S. 443, 454-455 (1971).   However, an arresting officer may, upon reasonable suspicion, conduct a "protective sweep" of premises incident to arrest for the purpose of protecting the safety of the officers.  Maryland v. Buie, 494 U.S. 325, 327 (1990).   It is unclear if Plaintiff is challenging Defendant's action when he looked into Plaintiff's garage.

In addition, whether Plaintiff was on probation or parole changes the standard needed to search either Plaintiff's person or Plaintiff's garage.   If search without a warrant is a condition of probation, the Fourth Amendment authorizes warrantless searches if they are supported by reasonable suspicion.  United States v. Knights  534 U.S. 112, 121 (2001).   In addition, if a

parolee has signed a parole condition allowing searches without a warrant by a law enforcement officers, an officer may conduct a warrantless, suspicionless search of a parolee's person or residence.  Samson v. California, – U.S. – 126 S.Ct. 2193, 2198-2202 (2006); United States, 474 F.3d 1208, 1213-14 (9th Cir. 2007); Fitzgerald v. City of Los Angeles, 485 F.Supp.2d 1137, 1143 (C.D.Cal. 2007).   However, for such a suspicionless search to be valid, the officer conducting the search must have prior knowledge of the person's parole status.  Samson, 26 S.Ct. at  2202 n.5.; Fitzgerald, 485 F.Supp.2d at 1143;  In re Jaime P., 40 Cal.4th 128, 137 (2006) Without knowing whether Plaintiff was on probation or parole, it is impossible to determine if the complaint states a Fourth Amendment violation.

**D.  Leave to Amend**

For the reasons discussed above, the complaint must be dismissed.   When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotation marks omitted); Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.  (9th Cir. 1996).   By this order, the court has given Plaintiff notice of the complaint's pleading deficiencies.  See  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (if court determines that complaint fails to state claim, leave to amend may be granted to extent that complaint's deficiencies can be cured); Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).   Thus, the court will dismiss the complaint with leave to amend.

**E.  Qualified Immunity**

In the motion to dismiss, Defendant requests that the court find that Defendant is entitled to qualified immunity.   Qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.

Anderson v. Creighton, 483 U.S. 635, 640 (1987).   The test to determine whether a law enforcement officer is entitled to qualified immunity involves a two-step analysis.  Moreno v. Baca, 431 F.3d 633, 638 (9th Cir. 2005) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). First, the court must determine whether, taking the facts in the light most favorable to the party asserting the injury, the officer's conduct violated a constitutional right.  Saucier, 533 U.S. at 201; Moreno, 431 F.3d at 638;  Johnson v. County of Los Angeles, 340 F.3d 787, 792 (9th Cir. 2003). If the court finds that the officer violated the plaintiff's' constitutional rights, the court next determines whether that right was clearly established at the time the alleged violation occurred. Saucier, 533 U.S. at 201; Moreno, 431 F.3d at 638; Johnson, 340 F.3d at 792.

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" Saucier,  533 U.S. at 200-01(quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  As such, the court is mindful that the court should rule on the issue of qualified immunity early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Saucier, 533 U.S. at 200.   However, in this case, the court cannot rule on qualified immunity at this time.   Because the complaint's allegations are vague as to what searches are at issue in this action, whether there was probable cause, whether Plaintiff was on parole or probation, and other issues it is impossible to determine if taking Plaintiff's allegations as true, Defendant would be entitled to qualified immunity.

**ORDER**

Accordingly, based on the above memorandum opinion and order, the court ORDERS that:

1. Defendant's motion to dismiss is GRANTED;
2. The complaint is DISMISSED with leave to amend;
3. Plaintiff shall file any amended complaint within thirty days of this order's date of service; and

4. Plaintiff is FOREWARNED that failure to file an amended complaint within thirty days will result in this action's dismissal.

IT IS SO ORDERED.

Dated: __July 27, 2007__                   ___/s/ Anthony W. Ishii___
                                           UNITED STATES DISTRICT JUDGE