1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

8

PHILLIP SANDERS,             )    1: 06-CV-1574 AWI SMS

9                   **Plaintiff**,   )    MEMORANDUM OPINION AND

**v.**                 )    ORDER GRANTING MOTION TO

10                       )    DISMISS AND DISMISSING

OFFICER C. ARANAS,      )    AMENDED COMPLAINT

11                       )

            **Defendant**.   )    (Document #22)

12                       )

13
14

## BACKGROUND

15     On November 6, 2006, Plaintiff Phillip Sanders ("Plaintiff") filed a complaint.   On June

16  19, 1007, Defendant Officer C. Aranas ("Defendant") filed a motion to dismiss.   On July 27,

17  2007, the court granted Defendant's motion and dismissed the complaint with leave to amend.

18  This order gave notice of the complaint's pleading deficiencies.

19     On August 30, 2007, Plaintiff filed an amended complaint.    The amended complaint

20  alleges violations of Plaintiff's Fourth Amendment rights.    On September 10, 2007, Defendant

21  filed a motion to dismiss the amended complaint.    Plaintiff did not oppose Defendant's motion.

22
## LEGAL STANDARD

23     A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil

24  Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the

25  claim that would entitle him to relief.   Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

26  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d

27  696, 699 (9th Cir. 1990).  A Rule 12(b)(6) dismissal can be based on the failure to allege a

28  cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.

Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

A court may dismiss a complaint only if it is clear that no relief could be granted under a set of facts that could be proved consistent with the allegations.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).    While detailed allegations are not required, the plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  Bell Atlantic Corp. v. Twombly, - - U.S. -- 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Id. at 1965 (citations omitted).

**ALLEGED FACTS**

The amended complaint alleges that on or about June 6, 2006, Plaintiff noticed a police car pull up in front of his house and Defendant get out.   Defendant went toward Plaintiff's neighbor's house, where Plaintiff lost view of him.

The amended complaint alleges that after about five minutes, Plaintiff  went out the back door of his house.   Plaintiff saw Defendant looking in a side garage door, which had been left open.   The amended complaint alleges that Defendant had his back to Plaintiff and his gun out. The amended complaint alleges that Plaintiff then walked to the middle of the backyard, put his hands out in plain view, and said in a loud voice, "officer officer Don't Shot [sic.]".

1    The amended complaint alleges that Defendant asked whether Plaintiff was Phillip

2  Sanders.   When Plaintiff said yes, Defendant told Plaintiff to get on the ground.   Defendant then

3  handcuffed Plaintiff and searched him.    The amended complaint alleges that Plaintiff was taken

4  to jail.   The amended complaint alleges that Plaintiff was released three days later "without ever

5  going to the court or D.A. reject."

6    The amended complaint alleges Defendant searched and arrested Plaintiff and searched

7  Plaintiff's garage without probable cause.

8    The amended complaint contains a section entitled "Amendment Clarifications."[1]   This

9  section alleges that Defendant was acting under color of state law, Defendant is being sued in his

10  individual and official capacity, and Defendant did not have probable cause[2] for his actions.   In

11  this section, Plaintiff also alleges that at the time of the incident, there was no probation or police

12  warrant outstanding, no criminal activity was taking place or had been committed, and "[n]o

13  probation conditions allowing search were signed and an officer enter property with gun drawn,

14  is a clearly all out custodial arrest."   The complaint alleges that "probation tried to violate me

15  behind this matter and stiffended [sic.] my probation conditions".

16  **DISCUSSION**

17  **A.  Basis For Action**

18    When dismissing the original complaint, the court requested that any amended complaint

19  state the statutory basis of this action.   The amended complaint still does not specifically state

20  the statutory basis of this action.   However, the amended complaint references the Fourth

21  Amendment and alleges that Defendant's actions violated the Fourth Amendment.    Thus, the

22  court presumes this action is being brought pursuant to 42 U.S.C. § 1983.   When filing any

23  amended complaint, Plaintiff must confine his causes of action to a violation of the Fourth

24

25    [1]  This section appears to be a response to the court's prior order dismissing this action

26  with leave to amend.

27    [2]  The term  "reasonable cause" was used in the original complaint.

28                                         3

Amendment.

**B.   Defendants to this Action**

When dismissing the original complaint, the court noted that the complaint filed to state whether Plaintiff is suing Defendant in his individual capacity or official capacity.   In the amended complaint, Plaintiff states he is suing Defendant in both his individual and official capacity.   Thus, this action will proceed on that basis.

In his motion to dismiss, Defendant contends that it appears the amended complaint is adding the Fresno Police Department as a Defendant, and the Fresno Police Department is not a proper Defendant.   The court has reviewed the amended complaint and amendment clarifications.   Nowhere do these documents state that the Fresno Police Department is an additional Defendant.   It appears that the Fresno Police Department has only been mentioned to clarify that Plaintiff alleges Defendant was acting under color of state law and to show that administrative claims about the events have been submitted to the Fresno Police Department. However, the court must agree that the amended complaint is less than clear.   Because the amended complaint must be dismissed for other reasons, Plaintiff should clarify in any amended complaint whether only Defendant Officer C. Aranas is a Defendant or if the Fresno Police Department is also a Defendant.

**C.   Fourth Amendment**

The complaint alleges that Defendant violated Plaintiff's Fourth Amendment rights.   The Fourth Amendment protects the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. U.S. Const. amend IV.   Defendant moves to dismiss the complaint because the amended complaint's allegations are still vague. Defendant argues that it is still unclear whether Plaintiff was on probation at the time of the incident.

The amended complaint alleges that Defendant did not have probable cause for arresting Plaintiff, searching Plaintiff, and searching Plaintiff's garage.   As explained in the court's prior

1   order, normally, an arrest and/or search are lawful without a warrant if supported by probable

2   cause.   However, as noted previously, in some circumstances, probable cause is not needed for

3   an officer to search and/or arrest an individual.   For example, under California and Federal law,

4   probable cause is not required to arrest a parolee for a violation of parole, nor is a parole officer

5   required to personally effect the arrest of a parolee.   See United States v. Butcher, 926 F.2d 811,

6   814 (9th Cir.1991).    If search without a warrant is a condition of probation, the Fourth

7   Amendment authorizes warrantless searches if they are supported by reasonable suspicion.

8   United States v. Knights  534 U.S. 112, 121 (2001).

9        While the amended complaint alleges that Plaintiff never "signed" a probation condition

10   that allowed a search, the amended complaint's references to "probation tried to violate" Plaintiff

11   and probation "stiffended (sic.) [Plaintiff's] probation conditions" imply that Plaintiff was in fact

12   on probation.   It is unclear if Plaintiff contends he was (1) not on probation, and thus any search

13   or arrest had to be accompanied by probably cause; (2) on probation but his probation conditions

14   did not include any search or seizure conditions; or (3) on probation and his probation conditions

15   included search or seizure conditions, but Plaintiff never agreed to these conditions.    Because

16   these facts may lower the standard necessary for Defendant to have searched and/or arrested

17   Plaintiff, probably cause may not have been necessary.    It is impossible to determine if the

18   amended complaint states a claim.

19        The amended complaint must be dismissed.   When dismissing a complaint, the Ninth

20   Circuit has stated that "leave to amend should be granted unless the district court determines that

21   the pleading could not possibly be cured by the allegation of other facts." Bly-Magee v.

22   California, 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotation marks omitted);  Chang v.

23   Chen, 80 F.3d 1293, 1296 (9th Cir.  (9th Cir. 1996).   The court has already given Plaintiff notice

24   of the complaint's pleading deficiencies once.    However, in the interests of justice, the court

25   will give Plaintiff one last opportunity to amend the complaint.   The court forewarns Plaintiff

26   that failure to file an amended complaint that sufficiently states a Fourth Amendment violation

27

28                                                   5

will result in the dismissal of this action.

## ORDER

Accordingly, the court ORDERS that:

1.    Defendant's motion to dismiss is GRANTED;

2.    The amended complaint is DISMISSED with leave to amend;

3.    Plaintiff shall file a Second Amended Complaint within thirty days of this order's
      date of service; and

4.    Plaintiff is FOREWARNED that failure to file a Second Amended Complaint,
      which states a Fourth Amendment violation, within thirty days will result in this
      action's dismissal.

IT IS SO ORDERED.

**Dated:    October 22, 2007            /s/ Anthony W. Ishii**
                                    UNITED STATES DISTRICT JUDGE