IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHILLIP SANDERS, | ) | 1: 06-CV-1574 AWI SMS |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION TO STRIKE THE FRESNO |
| OFFICER C. ARANAS, | ) | POLICE DEPARTMENT FROM THE |
| | ) | SECOND AMENDED COMPLAINT |
| Defendant. | ) | |
| _____ | ) | (Document #28) |

**BACKGROUND**

On November 6, 2006, Plaintiff Phillip Sanders ("Plaintiff") filed a complaint. On June 19, 2007, Defendant Officer C. Aranas ("Defendant") filed a motion to dismiss. On July 27, 2007, the court granted Defendant's motion and dismissed the complaint with leave to amend. On August 30, 2007, Plaintiff filed an amended complaint that alleged violations of Plaintiff's Fourth Amendment rights. On September 10, 2007, Defendant filed a motion to dismiss the amended complaint. On October 22, 2007, the court granted Defendant's motion to dismiss and dismissed the amended complaint with leave to amend.

On November 26, 2007, Plaintiff filed a second amended complaint. The second amended complaint alleges Defendant violated Plaintiff's Fourth Amendment right by arresting him without probable cause. The second amended complaint adds Defendant Fresno Police Department as a second defendant.

On December 6, 2007, Defendant filed a motion to strike the Fresno Police Department from Plaintiff's second amended complaint. Defendant contends that the Fresno Police Department, as a municipal sub-department, is an improper defendant. Defendant also contends

that punitive damages are not available against a municipal sub-department.

On January 9, 2008, Plaintiff filed a motion to add the City of Fresno as a Defendant and to conduct discovery. On January 15, 2008, the Magistrate Judge denied this motion because it had not been properly noticed.

Plaintiff did not file a formal opposition to Defendant's motion to strike. The court took the pending motion to strike under submission, and the court now issues this memorandum opinion.

**LEGAL STANDARD**

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983). Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. 984 F.2d at 1527. Granting a motion to strike may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party. Id.

**ALLEGED FACTS**

The second amended complaint alleges that Defendant is an officer of the Fresno Police Department and took the actions at issue in this action while on duty.

The second amended complaint alleges that on June 6, 2006, Defendant arrested Plaintiff without probable cause. The second amended complaint alleges that Plaintiff noticed a police car

pull up in front of his house and Defendant get out.   The second amended complaint alleges that after about five minutes, Plaintiff  went out the back door of his house.   Plaintiff saw Defendant looking in a side garage door, which had been left open.   The second amended complaint alleges that Defendant had his back to Plaintiff and his gun out.   The second amended complaint alleges that Plaintiff then walked to the middle of the backyard, put his hands out in plain view, and said in a loud voice, "officer, officer Don't Shot [sic.]".

The second amended complaint alleges that Defendant asked whether Plaintiff was Phillip Sanders.   When Plaintiff said yes, Defendant told Plaintiff to get on the ground.   Defendant then handcuffed Plaintiff and searched him.   The second amended complaint alleges that Plaintiff was taken to jail.   The second amended complaint alleges that Plaintiff was released three days later "without ever going to the court or D.A. reject."

The second amended complaint requests damages for Plaintiff being arrested and detained in jail for three days without probable cause.   The second amended complaint requests compensatory or punitive damages against the Fresno Police Department and compensatory damages alleges Defendant

**DISCUSSION**

**A.  Whether Fresno Police Department is Proper Defendant**

Defendant seeks to dismiss the Fresno Police Department as a defendant.   Defendant contends that a municipal department is not a person who can be sued under 42 U.S.C. § 1983.

A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983.   Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983.   Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989); Monell, 436 U.S. at 690-91 & n. 54 (1978); County of Los Angeles v. Superior Court,  68 Cal.App.4th 1166, 1171 (1998).   However, municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of Section 1983.   United States v. Kama,  394 F.3d 1236, 1239

(9th Cir. 2005) (Ferguson, J., concurring) (findings municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); Vance v. County of Santa Clara, 928 F.Supp. 993, 995-96 (N.D.Cal.1996) (holding that "naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality," and dismissing the Santa Clara Department of Corrections from the action); Brockmeier v. Solano County Sheriff's Dept., 2006 WL 3760276, *4 (E.D.Cal. 2006) (finding that sheriff's department is a municipal department and not a proper defendant for purposes of plaintiff's § 1983 claims).

Based on this authority, the Fresno Police Department is not a proper defendant because it is a sub-division of the City of Fresno.  It appears that, realizing this mistake, Plaintiff attempted to amend the complaint to add the City of Fresno as a Defendant.  The Magistrate Judge denied Plaintiff's request to amend because it was not properly before the court.  However, Plaintiff's motion does imply that Plaintiff desires to name the City of Fresno as a Defendant in place of the Fresno Police Department.  Thus, Plaintiff will be given leave to file a third amended complaint that names the City of Fresno as a Defendant.[1]

**B.  Punitive Damages Against a Municipality**

Defendant also requests that the court strike the request for punitive damages against the Fresno Police Department.  Because the Fresno Police Department is already being struck as a Defendant, it is unnecessary to address Defendant's concerns about punitive damages.  However, because it appears Plaintiff may amend this action to name the City of Fresno as a Defendant, the court will inform Plaintiff of the damages limits he may obtain against a municipality.

---

[1] In filing a third amended complaint naming the City of Fresno, the court reminds Plaintiff of the limited way a municipality may be held liable.  A municipality may not be held responsible for the acts of its employees under a respondent superior theory of liability.  Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995).  Rather, to state a claim for municipal liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit.  See City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989).

Punitive damages are not available against a municipal entity for a violation of 42 U.S.C. § 1983 because municipalities enjoy traditional common law immunity from punitive damages, and such damages would work a hardship on innocent taxpayers. <u>Newport v. Facts Concerts</u>, 453 U.S. 247, 258, 267, 271 (1981); <u>Mitchell v. Dupnik</u>, 75 F.3d 517, 526 (9th Cir.1996); <u>Woods v. Graphic Communications</u>, 925 F.2d 1195, 1205 (9th Cir. 1991). In addition, California Government Code § 818 provides: "Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code [which allows for punitive damages] or other damages imposed primarily for the sake of example and by way of punishing the defendant." Thus, in filing any amended complaint naming the City of Fresno, Plaintiff is directed to be mindful of the limits on damages he can seek from the City of Fresno.

**ORDER**

Accordingly, the court ORDERS that:

1. Defendant's motion to strike is GRANTED;
2. The Fresno Police Department is HEREBY STRICKEN as a Defendant from this action;
3. Plaintiff may file a third amended complaint within thirty days of this order's date of service that amends the complaint to add the City of Fresno as a Defendant; and
4. If Plaintiff does not file an amended complaint, this action will proceed against Defendant Officer C. Aranas on the second amended complaint.

IT IS SO ORDERED.

**Dated:** **January 28, 2008**          **/s/ Anthony W. Ishii**
                                         UNITED STATES DISTRICT JUDGE