1 | Erica M. Camarena, Esq.   Bar No. 227981

2 | THE LAW FIRM OF
WEAKLEY, RATLIFF,
3 | ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
4 | Fresno, California   93710

5 | Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

6

7 | Attorneys for Defendant, Officer C. Aranas

8

9 | IN THE UNITED STATES DISTRICT COURT FOR

10 | THE EASTERN DISTRICT OF CALIFORNIA

11

12 | PHILLIP SANDERS,           ) CASE NO. 1:06-cv-01574 AWI SMS
                              )
13 |        Plaintiff          ) **PROTECTIVE ORDER GOVERNING THE**
                              ) **FRESNO COUNTY PROBATION**
14 |    vs.                    ) **RECORDS**
                              )
15 | OFFICER C. ARANAS OF THE FRESNO )
POLICE DEPARTMENT,            )
16 |                            )
       Defendant              )
17 |                            )

18

19 |     Defendant, CHRISTOPHER ARANAS, hereby submits the follow Proposed Protective

20 | Order regarding plaintiff's records maintained by the Fresno County Department of Probation.

21 | //

22 | Respectfully submitted,

23 | DATE: July 17, 2008         WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP

24 |                            By:    /s/ Erica M. Camarena

25 |                                   Erica M. Camarena
                                   Attorneys for Defendant
26 |                                   CHRISTOPHER ARANAS

27

28

---

Proposed Protective Order Re: Probation Records

**PROTECTIVE ORDER**

WHEREAS, the Court hereby orders the Fresno County Department of Probation to produce plaintiff, PHILLIP SANDERS's entire probation record to the Court on or before July 21, 2008 for *in camera* inspection and review.

WHEREAS, the plaintiff and defendant believe, in good faith, that these documents requested from the Fresno County Department of Probation contain information that is: (a) confidential, sensitive, or potentially invasive of plaintiff's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence. Such documents maintained in Plaintiff's probation records, include but are not limited to plaintiff's:

    A.    Social Security Number;

    B.    Identifying information (i.e. date and place of birth, etc.);

    C.    Probation, police, and other law enforcement agency reports;

    D.    Information about plaintiff's criminal background;

    E.    Medical records, notes, reports, etc.;

    F.    Witness information which may include the identification of confidential informants (which shall be redacted); and

    G.    Other documents in the file.

**IT IS HEREBY ORDERED**, that those portions of the documents described above may be designated as "Confidential" and produced subject to the following Protective Order:

    1.    The disclosed documents shall be used solely in connection with the federal civil case of <u>Phillip Sanders v. Christopher Aranas</u>, Case No. 06 CV 01574 AWI SMS, and in the preparation and trial of this case. The parties are not waiving any objections to the admissibility of the documents or portions of the documents in future proceedings, including the trial in this matter.

    2.    A party producing the documents and materials described above may designate those materials by affixing a mark labeling them as "Confidential Material Subject to Protective Order." If any Confidential materials cannot be labeled with the aforementioned marking, those

materials shall be placed in a sealed envelope or other container that is in turn marked Confidential in a manner agreed upon by the disclosing and requesting parties.

3. Documents or materials designated under this Protective Order as Confidential may only be disclosed to the following persons:

    a) Plaintiff, Phillip Sanders, in pro per;

    b) Counsel for the Defendants, Erica M. Camarena with the Law Firm of Weakley, Ratliff, Arendt & McGuire, LLP.

    c) Attorney, paralegal, clerical, and secretarial personnel regularly employed by counsel Erica M. Camarena;

    d) Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

    e) Any expert or consultant retained in connection with this action.

    f) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

4. Prior to the disclosure of any Confidential information to any person identified in paragraph 3(d), each such recipient of Confidential information shall be provided with a copy of this Protective Order, which he or she shall read.  Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt.  Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.  Plaintiff and defense counsel shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given.  The parties will advise each other of the names and addresses of all individual(s) they wish to provide Confidential documents to.  Subject to each individual's signature acknowledging that they have read, understand and agree to this Protective Order, the Probation Department, through the Court, will produce to the parties, at their expense, a copy of the documents designated as described above.

5. All documents or materials designated as "Confidential" pursuant to this Protective Order, and all papers or documents containing information or materials designated as "Confidential," that are filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document or other information:

"This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

6. The designation of information as "Confidential," and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

7. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to so applying, the party seeking to reclassify "Confidential" information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

8. **Copies of Confidential Documents**

Copies of confidential documents will be handled in the following manner:

a) The parties shall receive only one copy of the "Confidential" documents from the Fresno County Department of Probation.

b) The parties shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in these confidential documents to anyone.

c) If for a justifiable reason, the parties in good faith reasonably believe they need an additional copy or copies for preparation of their case, including any copies for court filings, they shall notify the other party's attorney of the specific number of copies of documents marked "Confidential" will be reproduced.

       d)       The parties shall be billed for the copying of the Confidential documents at the County of Fresno's cost.

       e)       The parties shall maintain Confidential information with a red marking labeled "CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER".

       f)       If any document or information designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 5 of this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

9.       Notwithstanding the provisions of paragraph 3, confidential information produced pursuant to this Protective Order shall not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

10.       Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly:

       a)       inform opposing counsel of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s); and

       (b)       use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

11.       At the conclusion of this litigation, all documents, in whatever form stored, containing "Confidential" information will remain Confidential, and if filed with the Court, shall remain under seal. All parties also ensure that all persons to whom "Confidential" documents were disclosed shall be returned to counsel for the producing party. The conclusion

of this litigation means a termination of the case following applicable post-trial motions, appeal and/or retrial.  After the conclusion of this litigation, all confidential documents received under the provisions of this Protective Order, including all copies made, shall be returned to the Court for the oversight of destruction.

12.     This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.  After this action terminates, any party may seek to modify or dissolve this Protective Order by Court order for good cause shown or by the parties' stipulation.

13.     The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

14.     No later than 45 days of receiving notice of the entry of an order, judgment, or decree terminating this entire action, all persons having received protected information shall return all Confidential Documents to the Court for proper destruction.

IT IS SO ORDERED.

**Dated:   July 21, 2008**                              **/s/ Sandra M. Snyder**
                                                                  UNITED STATES MAGISTRATE JUDGE