UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Phillip Sanders, | ) | 1:06-cv-01574-AWI-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS RE: |
| v. | ) | DEFENDANTS' MOTION TO DISMISS |
| | ) | ACTION (Doc. 67) |
| Officer C. Aranas, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is proceeding pro se and in forma pauperis with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

Pending before the Court is Defendants' motion to dismiss the action with prejudice for Plaintiff's failure to cooperate in discovery and failure to comply with a protective order, which was filed on October 8, 2008, with the supporting declarations of Erica M. Camarena and Stefanie Tholen. Plaintiff filed a document purporting to be a motion to reschedule Plaintiff's deposition on October 10, 2008, and the Court deemed it to be opposition to Defendant's motion to dismiss. A reply was filed by Defendant on October 31, 2008. The hearing on the motion, previously set for

1

November 7, 2008, has been vacated, and the matter has been submitted.

I. Background

This action proceeds on the third amended complaint, filed on March 3, 2008, after serial motions to dismiss were resolved in Defendant's favor. Pursuant to 42 U.S.C. § 1983, Plaintiff seeks damages from Defendant Fresno City Police Officer Aranas for an allegedly unlawful arrest and related violations of the Fourth Amendment. The action was originally filed on November 6, 2006.

A. Initial Disclosures

Review of the docket shows that Plaintiff failed to serve Defendants with his initial disclosures pursuant to Fed. R. Civ. P. 26 after having assured the Court at the scheduling conference held in January 2008 that he would produce them; it required a motion on the part of Defendant (Doc. 44), pursuant to which the Court ordered the disclosure to take place by May 23, 2008. (Minutes of hearing held May 16, 2008.)

B. Plaintiff's Repeated Failure to Appear for Deposition

Plaintiff failed to submit to his deposition that was noticed for March 17, 2008; Plaintiff failed to appear without communicating with Defendant's counsel and after having received not only notice of the deposition, but a telephone call from Defendant's counsel reminding him of his deposition and seeking confirmation of his intention to appear. (Decl. of Erica M. Camarena, Doc. 44-4, pp. 2-3; Decl. of Juliette Sierra, Doc. 44-3, p. 1.) When in mid-April Defendant's counsel attempted to converse with Plaintiff about setting a new deposition of

2

1  Plaintiff, Plaintiff failed to cooperate. (Decl. of E. Camarena,
2  Doc. 46-2, p. 2.)
3      When Defendant's counsel followed up with a letter
4  confirming the conversation and subsequently re-noticed
5  Plaintiff's deposition to be taken on May 12, 2008, Plaintiff
6  disregarded requests that he confirm his intention to appear and
7  did not respond; he failed to appear at the deposition.
8  Defendant's counsel also called Plaintiff in an attempt to
9  determine his whereabouts about a half hour after the deposition
10 was set to commence; Plaintiff never returned the telephone call.
11 (Id. at pp. 2-3.)
12     On May 16, 2008, at the hearing on the Defendant's motion to
13 compel discovery and for sanctions, the Court granted Defendant's
14 motion for payment of fees and costs incurred, including the
15 costs and fees associated with Plaintiff's failure to appear at
16 his deposition. The Court found that Plaintiff had twice failed
17 to appear for his deposition, and the Court expressly warned
18 Plaintiff that he needed to expend effort to work with the
19 Defendant or the Court would have no option but to recommend to
20 the District Judge that the case be dismissed for failure to
21 follow Court orders, the Federal Rules of Civil Procedure, and
22 the Local Rules. The Court clearly explained to Plaintiff the
23 need to move forward with discovery, and the Court expressly told
24 Plaintiff that Plaintiff's claimed exhaustion and overwork could
25 not preclude the progress of the case. The Court ordered that the
26 deposition of Plaintiff could be set to occur at the courthouse,
27 and it extended the discovery deadline to June 20, 2008. (Doc.
28 47, minutes of May 16, 2008.)

1    At the hearing in May, Plaintiff mentioned that he had a
2 fourth amended complaint to add a defendant. Plaintiff also filed
3 on June 23, 2008, a motion for leave to amend to add the City of
4 Fresno and Fresno Police Department as defendants; it was ordered
5 stricken because the motion was not accompanied by a proof of
6 service.
7    On September 8, 2008, a notice of the deposition of
8 Plaintiff, to be taken at the courthouse, was filed by Defendant.
9 On October 6, 2008, the date the deposition was to occur, and
10 after the court reporter was set up and ready to begin,
11 Defendant's counsel was informed that Plaintiff had called
12 Defendant's office receptionist and had stated that he was not
13 going to make it to the deposition because he had had a long
14 night, or something to that effect. Plaintiff did not contact the
15 Court to inform it that he would not appear; Plaintiff did not
16 appear. (Decls. of Stephanie Tholen, pp. 1-2, and Erica M.
17 Camarena, pp. 1-2.) Plaintiff had left a voice mail in which he
18 stated that he had eaten something bad the previous night and did
19 not think he would be able to make it that morning; he asked to
20 receive an e-mail with the next available time to reschedule his
21 deposition. (Decl. of Camarena, pp. 1-2.) There is no evidence
22 that Plaintiff's condition required medical treatment or that
23 Plaintiff sought medical treatment.
24    The undersigned Magistrate Judge had cleared her calendar of
25 all other matters that morning in order to be available to assist
26 the parties with any disputes that might have arisen during the
27 deposition. No notice of Plaintiff's intention not to appear for
28 the deposition was transmitted to the Court by Plaintiff.

4

1           C. <u>Disregard of Protective Order</u>

2           On July 10, 2008, an informal telephonic discovery
3 conference was held to discuss a discovery dispute. Defendant
4 desired to review Plaintiff's probation file, and Plaintiff did
5 not object; the Court reviewed the documents in camera, disclosed
6 only the documents deemed relevant to the case, and signed a
7 protective order that was filed on July 21, 2008 (Doc. 56), which
8 expressly provided that portions of the information in the
9 reports were confidential, should be used solely in connection
10 with the federal case, and if filed with the Court for any
11 purpose, should be filed and served under seal with a statement
12 of confidentiality and non-disclosure. (Order pp. 2-4.)

13          On October 26, 2008, Plaintiff filed a motion to add
14 defendants and for leave to file an amended complaint. (Doc. 62.)
15 Attached to the motion were three probation hearing reports that
16 were subject to the protective order. (Decl. of Phillip Sanders,
17 attachments, Doc. 64, pp. 3-8.)

18      II. <u>Legal Standards</u>

19          Defendant seeks discovery sanctions pursuant to Fed. R. Civ.
20 P. 37 and 41 because Plaintiff has failed to show diligence in
21 prosecuting the case.

22          If a party fails to obey an order to provide or permit
23 discovery, including an order compelling discovery, the court in
24 which the action is pending may make such orders in regard to the
25 failure as are just, including 1) an order that the matters
26 regarding which the order was made or any other designated facts
27 shall be taken to be established for the purposes of the action
28 in accordance with the claim of the party obtaining the order; 2)

5

an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; and 3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. Fed. R. Civ. P. 37(b)(2). The court may also treat the failure to obey as a contempt of court (except with respect to an order to submit to a physical or mental examination) and may require the party and/or the party's attorney to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make such an order unjust. Id.

Further, Fed. R. Civ. P. 37(d) expressly provides that a failure of a party to attend his own deposition may result in orders taking designated facts to be established, limiting claims or defenses or the introduction of evidence, or striking out pleadings, staying proceedings, dismissing the action, or rendering a default judgment. Fed. R. Civ. P. 37(d).

The standards governing dismissal for failure to obey court orders are the same under Fed. R. Civ. P. 37(b)(2)(C) or 41(b). Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Dismissal, default judgment, and taking a plaintiff's allegations as established are authorized under extreme circumstances where there is a finding that the violations are due to wilfulness, bad faith, or fault of the defaulting party. United States v. Kahaluu Construction Co, Inc., 857 F.2d 600, 603

6

1   (9th Cir. 1988). Wilfulness is correctly defined as disobedient
2   conduct not shown to be outside the control of the litigant.
3   Fjelstad v. American Honda Motor Company, Inc., 762 F. 2d 1334,
4   1341 (9th Cir. 1985). Dismissal under Rule 37(b) has been held
5   appropriate where the failure to provide discovery is knowing and
6   deliberate. In re the Exxon Valdez, 102 F.3d 429, 432 (9th Cir.
7   1996).
8       In determining whether to dismiss a case as a punitive
9   measure, a district court must weigh five factors: 1) the
10  public's interest in expeditious resolution of litigation; 2) the
11  court's need to manage its docket; 3) the risk of prejudice to
12  the defendants; 4) the public policy favoring disposition of
13  cases on their merits; and 5) the availability of less drastic
14  sanctions. Malone v. United States Postal Service, 833 F.2d 128,
15  130. The Court need not make explicit findings regarding these
16  factors; however, in the absence of findings, a reviewing court
17  will independently review the record to determine if there has
18  been an abuse of discretion. Id.
19      In determining the propriety of sanctions, it is permissible
20  to consider all incidents of a party's conduct with respect to
21  discovery in the litigation. Adriana International Corp. v.
22  Thoeren, 913 F.2d 1406, 1411-1412 (9th Cir. 1990).
23      It is established that sanctions, including dismissal, may
24  issue for a complete or serious failure to respond to discovery,
25  such as failure to appear for a deposition, even absent a prior
26  court order compelling the discovery. Sigliano v. Mendoza, 642
27  F.2d 309, 310 (9th Cir. 1981). A forced cancellation of a
28  deposition a day before the date set for it has been held to

7

1  constitute a failure to appear within the meaning of Fed. R. Civ.
2  P. 37(d). Henry v. Gill Industries, Inc., 983 F.2d 943, 947 (9th
3  Cir. 1993).
4      With respect to prejudice, in the context of sanctions
5  pursuant to Rule 37(b), a defendant suffers prejudice if a
6  plaintiff's actions impair the defendant's ability to go to trial
7  or threaten to interfere with the rightful decision of the case.
8  Adriana International Corporation v. Thoeren, 913 F.2d 1406, 1412
9  (9th Cir. 1990). Although delay alone has been held to be
10 insufficient, Kahaluu, 857 F.2d 600, 604, failure to produce
11 documents as ordered has been held to be sufficient. Adriana
12 International Corporation v. Theoren, 913 F.2d at 1412, citing
13 Securities and Exchange Comm'n v. Seaboard Corp., 666 F.2d 414,
14 417 (9th Cir. 1982). Further, repeated failure of a party to
15 appear at scheduled depositions, when compounded by a continuing
16 refusal to comply with court-ordered production of documents, has
17 been held to constitute an interference with the rightful
18 decision of the case. Adriana International Corp. v. Thoeren, 913
19 F.2d at 1412.
20     A three-part analysis determines whether a court "properly
21 considered the adequacy of less drastic sanctions: (1) did the
22 court explicitly discuss the feasibility of less drastic
23 sanctions and explain why alternative sanctions would be
24 inappropriate, (2) did the court implement alternative sanctions
25 before ordering dismissal, and (3) did the court warn the party
26 of the possibility of dismissal before actually ordering
27 dismissal?" Adriana International, 913 F.2d at 1412-1413. "But
28 despite all this elaboration of factors, we have said that it is

not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." <u>Valley Engineers, Inc. v. Electric Engineering Co.</u>, 158 F.3d 1051, 1057 (9th Cir. 1998).

III. <u>Analysis</u>

Here, Plaintiff failed to follow through with his representation regarding timely disclosure. Further, Plaintiff repeatedly failed to appear for his deposition without good cause and without undertaking efforts that were reasonably anticipated to prevent delay or cost to Defendant. Plaintiff's misconduct required Defendant to bring a motion to compel Plaintiff's appearance at his deposition, and it even included an additional failure to appear after a motion to compel had already been granted. Plaintiff's disregard of the protective order has not been explained or excused.

In light of the entire history of Plaintiff's conduct in this case, and considering the repetitive nature of Plaintiff's failures, the Court finds that Plaintiff had it in his power to obey the orders of the Court and the pertinent rules, but he knowingly and deliberately chose not to do so; his conduct was wilful and in bad faith.

Further, the Court concludes that sanctions other than dismissal are not reasonable alternatives at this point. The Court has already considered Plaintiff's failure to appear at two previously noticed depositions, and it has imposed sanctions in the form of an express order to appear, along with the obligation to pay fees and costs incurred, which was stayed until conclusion of the case. The Court notes that Plaintiff is proceeding in

9

forma pauperis, so the probable effectiveness of monetary sanctions is questionable. Further, the Court has gone so far as to make itself available for a deposition to proceed at the courthouse so that any further difficulties relating to the actual progress of the deposition could be addressed economically and effectively under the circumstances. However, all the means previously employed by the Court have been ineffective. There is no factual basis for a conclusion that such means are likely to be effective in the future. The Court is unable to conceive of sanctions less severe than dismissal that would produce the desired effect of Plaintiff's cooperation in the process of discovery or readying the case for litigation on the merits.

    Plaintiff's action has been pending for two years, and yet Plaintiff has not cooperated with Defendant's efforts to take Plaintiff's deposition. The Court has the responsibility to manage its docket, but Plaintiff's failures to comply with the Court's orders and its rules have obstructed the Court's efforts to manage the progress of the case before it. Further, the repeated delays in appearing for deposition have thwarted the Defendant's efforts to ready the case for trial and have created a risk of prejudice to the Defendant. Although public policy favors disposition of cases on their merits, here the Plaintiff himself has obstructed discovery of basic facts relating to the merits of the controversy and has disregarded the efforts of the Court to protect the confidentiality of information. Plaintiff's own conduct and attitude of non-cooperation has rendered less severe sanctions ineffective.

    In addition to the oral warning of potential dismissal that

was given to Plaintiff at the hearing on May 16, 2008, the Court issued and served an informational order to the Plaintiff several days after the hearing on the motion to compel Plaintiff's deposition. In the order the Court informed Plaintiff again that dismissal of the action could occur from the failure to comply with the rules or an order of the Court. (Order of May 19, 2008, p. 1.) The Court finds that Plaintiff was expressly warned that dismissal could result if Plaintiff failed to obey the Court's order.

### IV. Recommendation

Accordingly, it IS RECOMMENDED that

1) Defendant's motion to dismiss the action with prejudice for Plaintiff's failure to cooperate in discovery and failure to comply with the protective order BE GRANTED; and

2) The action BE DISMISSED with prejudice.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 5, 2008**                          /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE