1

2

3

4

5

6

7                           **UNITED STATES DISTRICT COURT**

8                           **EASTERN DISTRICT OF CALIFORNIA**

9

10   **PHILLIP SANDERS,**                          **1:06-cv-01574-AWI-SMS**

11                        **Plaintiff,**            **ORDER ADOPTING FINDINGS AND**
     **vs.**                                        **RECOMMENDATIONS (Doc. 76)**
12
     **OFFICER C. ARANAS, et al.,**                 **ORDER GRANTING MOTION TO**
13                                                  **DISMISS (Doc. 67)**
                          **Defendants.**
14                                                  **ORDER DISMISSING ACTION**
                                              /
15

16        Plaintiff is proceeding pro se and in forma pauperis in this civil action.  The matter was

17   referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1)

18   and 72-303.

19        On November 7, 2008, the Magistrate Judge filed Findings and Recommendations that

20   recommended the court grant Defendant's motion to dismiss for Plaintiff's failure to cooperate in

21   discovery and failure to comply with the protective order.  The Findings and Recommendations

22   were served on the parties and contained notice that any objections to the Findings and

23   Recommendations were to be filed within thirty (30) days.  On November 21, 2008, Plaintiff

24   filed objections to the Magistrate Judge's Findings and Recommendations.

25        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305,

26   this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file,

27   the court finds the Findings and Recommendations to be supported by the record and by proper

28   analysis.

                                              1

1    As explained by the Magistrate Judge, when determining whether to dismiss an action

2  "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of

3  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/

4  respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring

5  disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)

6  (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); Ghazali v. Moran, 46 F.3d

7  52, 53 (9th Cir. 1995).   "These factors are 'not a series of conditions precedent before the judge

8  can do anything,' but a 'way for a district judge to think about what to do.'"   In re

9  Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006);

10  (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).   The court

11  agrees with the Magistrate Judge's analysis of these factors, and the court finds dismissal in this

12  action appropriate.

13    In the objections Plaintiff contends that he missed the deposition set at the courthouse

14  because he was sick and he was confused as to who to inform about his illness.   The docket in

15  this action and the Findings and Recommendations show that the Magistrate Judge had carefully

16  explained to Plaintiff the location of the deposition and the consequences for failing to appear.

17  This was the third deposition that Plaintiff failed to appear at.  The court does not normally set

18  depositions at the courthouse and did so in this case in part because of Plaintiff's repeated failure

19  to appear.  This is not the case of a pro se litigant confused with the process who missed his first

20  noticed deposition due to illness.  Plaintiff's repeated failures to attend his deposition coupled

21  with his responsibility to move this case forward are grounds for dismissal.  See In re PPA,  460

22  F.3d at 1228 ("[A] case that is stalled or unreasonably delayed by a party's failure to comply with

23  deadlines and discovery obligations cannot move forward toward resolution on the merits.")

24    The objections also contend that Plaintiff did not understand that the Magistrate Judge's

25  protective order applied to probation office documents already in Plaintiff's position and already

26  filed in this action.   This action is not being dismissed solely because of the protective order

27  violation.   Rather, this violation shows a repeated failure by Plaintiff to comply with the Federal

28  Civil Rules of Procedure and the Magistrate Judge's discovery orders.   Given the Magistrate

1  Judge's orders regarding the probation office documents, the court finds Plaintiff's clear

2  violation of this order also supports dismissal.

3          Accordingly, IT IS HEREBY ORDERED that:

4          1.      The Findings and Recommendations, filed November 7, 2008, are ADOPTED IN

5                  FULL;

6          2.      Defendant's motion to dismiss the action with prejudice for Plaintiff's failure to

7                  cooperate in discovery and failure to comply with the protective, filed October 8,

8                  2008, is GRANTED; and

9          3.      This action is DISMISSED with prejudice.

10

11  IT IS SO ORDERED.

12  **Dated:    January 5, 2009**                          /s/ **Anthony W. Ishii**
                                                    CHIEF UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28