UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS, | 1:06-cv-01574-AWI-SMS |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | |
| OFFICER C. ARANAS, et al., | (Document #84) |
| Defendants. | |

## BACKGROUND

On November 7, 2008, the Magistrate Judge filed Findings and Recommendations that recommended the court grant Defendant's motion to dismiss for Plaintiff's failure to cooperate in discovery and failure to comply with the protective order. On November 21, 2008, Plaintiff filed objections to the Magistrate Judge's Findings and Recommendations. On January 6, 2009, the court agreed with the Magistrate Judge's recommendation that dismissal was appropriate, adopted the Findings and Recommendations, and dismissed this action.

On January 15, 2009, Plaintiff filed a request for reconsideration. Plaintiff contends, as he did in his objections, that he did attempt to comply with the discovery orders.

On February 5, 2009, Defendant filed an opposition to Plaintiff's motion. Defendant contends that the request for reconsideration alleges no grounds that would entitle Plaintiff to relief.

**LEGAL STANDARD**

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are not to be used to ask the court to rethink what it has already thought. Walker v. Giurbino, 2008 WL 1767040, *2 (E.D.Cal. 2008); United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Pursuant to Rule 59(e), any motion to alter or amend judgment shall be filed no later than ten days after entry of judgment. Rule 59(e), however, is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.2000). Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). This showing is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). A judgment is not properly reopened "absent highly unusual circumstances." Id. A district court's denial of a motion for a new trial or to amend a judgment pursuant to Federal Rule of Civil Procedure 59 is reviewed for an abuse of discretion. Far Out Productions, Inc. v. Oskar, 247 F.3d 986, 992 (9th Cir. 2001). A district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous

assessment of the facts. Coughlin v. Tailhook Ass'n, 112 F.3d 1052, 1055 (9th Cir. 1997).

## DISCUSSION

Plaintiff's motion for reconsideration does not contain any new evidence, intervening change in the controlling law, and/or a showing that the court committed clear error or made a decision that was manifestly unjust.   Plaintiff's motion contains the procedural history of this case, Plaintiff's reasons for violating the court's orders, and Plaintiff's belief in the underlying merit of Plaintiff's case.   These contents were raised and rejected in Plaintiff's opposition to Defendant's motion to dismiss and Plaintiff's objections to the Findings and Recommendations. "A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through-- rightly or wrongly." Stone v. Baum, 2006 WL 66668, *1 (D.Ariz. 2006); Snyder v. Department of Defense, 2005 WL 1796228, *2 (N.D.Cal. 2005); Potter v. Potter, 199 F.R.D. 550, 552 (D.Md. 2001); United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983); Refrigeration Sales Co. v. Mitchell-Jackson, Inc., 605 F.Supp. 6, 7 (N.D.Ill.1983). "Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Wallace v. Georgia Department of Transp., 2006 WL 1582409, *2 (M.D.Ga. 2006); American Ass'n of People With Disabilities v. Hood, 278 F.Supp.2d 1337, 1340 (M.D.Fla. 2003); Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D.Ill.1988).   Because Plaintiff's motion contains only arguments and evidence that were already considered by the court, Plaintiff's motion provides no grounds for the court to reconsider its order dismissing the complaint.

Accordingly, Plaintiff's request for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:     March 3, 2009**                    /s/ Anthony W. Ishii
                                   CHIEF UNITED STATES DISTRICT JUDGE